FILED

UNITED STATES COURT OF APPEALS

SEP 29 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAND WILLIAMS,

Petitioner - Appellant,

v.

GREGORY D. TOTTEN, District Attorney for Ventura County; et al.,

Respondents - Appellees.

No. 08-56333

D.C. No. 2:08-cv-00381-AHM

Central District of California, Los Angeles

ORDER

Before:    LEAVY, HAWKINS, and THOMAS, Circuit Judges.

The memorandum disposition filed on September 3, 2010, is withdrawn.

A replacement memorandum disposition will be filed concurrently with this order.

Williams' petition for panel rehearing is denied.

No further filings shall be accepted in this closed case.

FILED

SEP 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAND WILLIAMS, | No. 08-56333 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00381-AHM |
| v. | |
| GREGORY D. TOTTEN, District Attorney for Ventura County; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Submitted August 23, 2010[**]

Before: LEAVY, HAWKINS, and THOMAS, Circuit Judges.

Former California state pretrial detainee Briand Williams appeals from the district court's judgment dismissing his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Williams contends that his right to a speedy trial was violated in his underlying state prosecution, and that the underlying prosecution was undertaken in bad faith or with a retaliatory purpose, such that the general rule of abstention set forth in *Younger v. Harris*, 401 U.S. 37 (1971) does not apply. Williams further argues that the district court did not consider whether the bad faith exception applied. Because the record is devoid of any evidence suggesting bad faith or some other extraordinary circumstance that would make abstention inappropriate, the district court correctly concluded that abstention was proper. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *see also Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) (concluding that federal intervention is appropriate "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Totten's request for judicial notice is granted.

**AFFIRMED.**